IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-33,873-03






EX PARTE DERRICK LEE GRIFFIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 18,110 IN THE 159TH DISTRICT COURT


FROM ANGELINA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder, and he
was sentenced to fifty years' incarceration. The Ninth Court of Appeals affirmed the conviction in
an unpublished opinion. Derrick Lee Griffin v. State, No. 09-95-00262-CR (Tex. App. - Beaumont
del. May 5, 1996).

 Applicant alleges he is actually innocent and supports his claim with an affidavit from a
forensic pathologist. He also argues his trial counsel was ineffective for failing to call such a forensic
pathologist at trial. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App.
1999). There is no response from trial counsel in the record provided to this Court, and there are no
findings from the trial court regarding the merits of Applicant's claims. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. 

 The trial court shall order trial counsel to respond to Applicant's claim of ineffective
assistance and explain applicable strategy and tactical decisions. In doing so, the trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law regarding Applicant's claim
of actual innocence and his claim of ineffective assistance of trial counsel. The trial court may also
make any other findings of fact and conclusions of law it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.

Filed: August 22, 2012

Do not publish